CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 06 2012

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ABIGAIL G. SHOMO, | ) | Case No.: 7:11-cv-508 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OPINION** |
| | ) | |
| v. | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| JUNIOR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff Abigail G. Shomo ("Shomo")'s Motion for
Leave to File an Amended Complaint (ECF No. 42). Oral argument was held on June 11, 2012,
whereupon the Court allowed Defendant Junior Corporation ("Junior") 15 days to file an
Opposition. Defendant filed its Opposition on June 26, 2012, and Shomo has replied.
Accordingly, the matter is now ripe for disposition. For the reasons set forth below, Shomo's
Motion is **GRANTED** in part and **DENIED** in part.

## I.    Factual and Procedural Background

Shomo originally filed this action against Junior on October 27, 2010, alleging sex and
pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964. *See* ECF No.
1. Defendant brought a Motion to Dismiss, arguing that the Plaintiff had failed to state a claim
for relief because she had not adequately alleged an essential element of a Title VII claim,
namely that Junior employed 15 or more employees. *See* 42 U.S.C. § 2000e(b). On January 18,
2012, with leave of Court, Shomo filed a First Amended Complaint explicitly alleging that
Defendant employed 15 or more employees within the meaning of Title VII. *See* ECF No. 15.

1

On March 19, 2012, again with leave of Court, Shomo filed a Second Amended Complaint whereupon she added a claim under the Fair Labor Standards Act (the "FLSA claim") and a wrongful termination claim pursuant to Virginia common law (the "Bowman claim"). *See* ECF No. 32. The FLSA claim alleged that Junior failed to pay Shomo the federally-mandated minimum wage of $2.13 an hour for tipped employees, and the Bowman claim alleged that Shomo was unlawfully fired because she refused to abort her unborn child.

Defendant moved to dismiss Shomo's Second Amended Complaint in its entirety for failure to state a claim. ECF No. 33. The Court dismissed Shomo's FLSA claim and her Bowman claim, but declined to dismiss her Title VII claim. ECF No. 40. The FLSA claim was dismissed because it failed to adequately allege that either Shomo or Junior was subject to the FLSA, and the Bowman claim was dismissed because the Court concluded that the Supreme Court of Virginia would not recognize a common-law wrongful termination claim where an employee was terminated for refusing to have an abortion. *See* ECF No. 39. Shomo has now moved for leave to amend Counts II and III of her Complaint; Defendant opposes her request, arguing that the proposed amendments would be futile because they would not survive a motion to dismiss.

## II.   **Standard of Review**

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Moreover, "[t]he law is well settled that leave to amend a pleading should be denied *only* when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir.

1986)) (internal quotation marks omitted).  Where a proposed amendment would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), leave to amend may properly be denied as futile.  *See* United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint.  Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994).  A complaint must include a short and plain statement of the claim(s) under which the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Under the notice pleading standard employed by the federal courts, the complaint need only "give the defendant notice of what the claim is . . . and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   In order to survive a motion to dismiss, however, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  In particular, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes."  Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).  While the Court is obligated to accept as true all of the complaint's well-pled factual allegations and take the facts in the light most favorable to the plaintiff, Adock v. Freightliner, LLC, 550 F.3d 369, 374 (4th Cir. 2008), it will not give the same reverence to "unwarranted inferences, unreasonable conclusions, or arguments."  Nemet Chevrolet, 591 F.3d at 255 (quoting Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009)).

3

### III.   Discussion

## A. Count II: the FLSA Claim

In response to the Court's Order dismissing Counts II and III of her Second Amended Complaint, Shomo moved the Court to allow her to file a Third Amended Complaint that amends those counts. *See* [Proposed] Third Am. Compl., Ex. 1 to Pl.'s Mot. for Leave to File Am. Compl., Jun. 7, 2012, ECF No. 42 ("TAC"). The TAC adds the following language as to the FLSA claim, presumably to bring Junior Corporation within the FLSA's coverage provisions:

> At all times material here, plaintiff engaged in commerce or worked in a business engaged in commerce or the production of commerce within the meaning of the FLSA. For example, on information and belief, as a proprietor of Mexican restaurants defendant regular [sic] brought into the Commonwealth of Virginia and the United States food products grown and made outside the Commonwealth of Virginia and the United States and, employing the labor of plaintiff and other workers, sold those products at its restaurants. Those food and other products included but are not limited to beer, wine, other alcoholic beverages, various chilies and hot sauces, salsa, beef, chicken, rice and beans, corn, flour, cleaning chemicals, and paper products. In addition, defendant employed persons who traveled across state lines to work for defendant. In addition, defendant used other commodities, including but not limited to natural gas, electricity, telephone and internet service, which travelled across state lines to Virginia for use is selling defendant's products. In addition, on information and belief, at all times material hereto defendant employed more than two persons and had gross annual sales of $500,000 or more. Further on information and belief, defendant's owners travel outside the United States to Mexico frequently at least in part for the purpose of searching for and obtaining recipes and food products to sell at defendant's restaurants in the United States.

TAC ¶ 27. Defendant argues that this paragraph still fails to bring Shomo's FLSA claim within the ambit of the FLSA because it fails to allege sufficient facts to show that Junior is subject to the FLSA's individual or enterprise coverage provisions.

As relevant here, the FLSA requires that employers pay an employee "engaged in commerce or the production of goods for commerce, or [who] is employed in an enterprise engaged in commerce or in the production of goods for commerce" the federally-mandated

minimum wage. 29 U.S.C. § 206(a)(1).[1]  "Commerce" is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." *Id.* §203(b).  Thus, a claim may meet the FLSA's jurisdictional requirements under one of two provisions: the "individual coverage" provision or the "enterprise coverage" provision. *See* Rains v. East Coast Towing & Storage, LLC, 820 F.Supp.2d 743, 746 (E.D. Va. 2011).  Under the individual coverage provision, an employee comes within the ambit of the FLSA where he or she is engaged in commerce or the production of goods for commerce during the course of her employment duties.  By contrast, an enterprise coverage claim may be brought where the business itself is engaged in commerce or the production of goods for commerce.

Defendant argues that Shomo has failed to properly allege an individual coverage claim or an enterprise coverage claim, and thus her FLSA claim is necessarily futile.  The Court will first address the enterprise coverage claim.  An employer is subject to the FLSA's enterprise coverage provisions if it:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1).  Defendant claims that Shomo's enterprise coverage claim is defective because it simply asserts that the Defendant regularly brought food and other items into Virginia and fails to allege that Defendant's employees brought those items into Virginia.

---

[1] Shomo's FLSA claim is concerned only with Junior's failure to pay her the prevailing minimum wage. TAC ¶ 26.  In its Memorandum Opinion dated June 1, 2012, the Court mistakenly quoted the jurisdictional requirement of Section 207 of the FLSA, which revolves around the 40-hour workweek, rather than to Section 206, which covers minimum wage. *See* Mem. Op. 6.  Because the jurisdictional language in both sections is identical, this did not affect the Court's analysis and did not prejudice the parties. *Compare* 29 U.S.C. § 206(a) with *id.* § 207(a).

Def.'s Mem. in Opp. 6, Jun. 26, 2012, ECF No. 48. Defendant misreads the statute. With an enterprise coverage claim, there is no requirement that Defendant's *employees* move the goods in commerce. Rather, the law simply requires that the business itself has employees who handle, sell, or otherwise work on "goods or materials that *have been moved in or produced for commerce by any person*." 29 U.S.C. § 203(s)(1)(A)(ii) (emphasis added).

Defendant next argues that "Plainitff does not allege that Defendant's employees were part of the channels of commerce, or that they actually moved these food and other items in commerce. Rather, Plaintiff alleges only that Defendant's employees 'sold' these items once they arrived in Virginia . . . . this is not sufficient to show 'enterprise coverage' under the FLSA." Def.'s Mot. in Opp. 6. The Court disagrees. The focus in determining jurisdiction for enterprise coverage claims is the employer, not the employee. In attacking Shomo's enterprise coverage claim, Defendant has improperly conflated the standards for individual coverage and enterprise coverage.

In the context of *enterprise coverage claims*, "it is well established that local business activities fall within the FLSA when an enterprise employs workers who handle goods or materials that have moved or have been produced in interstate commerce." Brock v. Hamad, 867 F.3d 804, 808 (4th Cir. 1989) (per curiam). "[A]lthough restaurant workers do not directly participate in commerce[,] the restaurant at which they are employed does by using materials that at some point traveled in interstate commerce." Diaz v. HBT, Inc., No. RWT 11cv1856, 2012 WL 294749, at *3 (D. Md. Jan. 31, 2012) (quoting Diaz v. Jaguar Rest. Grp., 649 F.Supp.2d 1343, 1355 (S.D. Fla. 2009)) (internal quotation marks omitted).

Defendant's reliance on Thorne v. All Restoration Svcs., Inc., 448 F.3d 1264 (11th Cir. 2006), is misplaced.  In Thorne, an employee brought suit under the individual coverage provisions of the FLSA.  In the course of his duties, the employee purchased tools needed for his job at the local Home Depot.  The employer, apparently a construction company, was the end user of the tools.  The issue was whether an employee's purchase of the tools at a local, in-state Home Depot store rendered him sufficiently "engaged in commerce" to bring him within the sphere of the FLSA's individual coverage provision.  *Id.* at 1265.  The Eleventh Circuit Court of Appeals found that it was not.  *Id.* at 1267.  The case before the Court, however, is readily distinguishable.  Here, Shomo alleges that Defendant purchased a number of goods from out of state, such as beer, wine, and other foodstuffs, and she then participated in selling those goods to the ultimate consumers, the customers of the restaurant.  TAC ¶ 27.  As the Thorne court recognized, "[c]ourts distinguish between merchants who bring commerce across state lines for sale and the ultimate consumer, who merely purchases goods that previously moved in interstate commerce for intrastate use."  Thorne, 448 F.3d at 1267.  Here, Junior was not the ultimate consumer of the goods that travelled in interstate commerce.  Rather, it was simply another intermediary in the chain of commerce; it is irrelevant that Defendant's sales to restaurant patrons were wholly intrastate.  But perhaps more importantly, even if Junior *were* the ultimate consumer of the foodstuffs, that would still not preclude the application of the FLSA under an enterprise coverage theory.  Dole v. Odd Fellows Home Endowment Bd., 912 F.2d 689, 695 (4th Cir. 1990).  In sum, Thorne is largely inapposite to the facts before the Court.

Here, the TAC alleges that Junior imported certain goods from out of state.  It also alleges that those goods were sold to restaurant customers utilizing the labor of Plaintiff and her

co-workers. Finally, it alleges that Junior had gross annual sales of at least $500,000.[2] *See*

TAC ¶27. This is all that is required to bring a claim under the FLSA's enterprise coverage

provision. *See* 29 U.S.C. §§203(s), 206.

The TAC's FLSA claim alleges sufficient facts to meet the "enterprise coverage" claim,

and would likely survive a motion to dismiss.   Accordingly, the Court finds that Shomo's

proposed amendment to Count II would not be futile.  In light of this holding, the Court declines

to address Defendant's other arguments as to Count II.  Because Defendant has not claimed that

the amendments would be prejudicial, or that Shomo has acted in bad faith, *cf.* Edwards, 178

F.3d at 242, the Court will allow Shomo to amend Count II.


## B. Count III: The Bowman Claim

The Court also previously dismissed Shomo's Bowman claim, finding that the Supreme

Court of Virginia was not likely to recognize a common-law wrongful termination claim where

an employee was fired on the basis of her refusal to have an abortion.  In an effort to avoid this

fate, Count III of the TAC adds the allegation that Shomo's refusal to have an abortion was

"informed by her religious beliefs." TAC ¶ 15.  This does not cure the deficiency in Count III.

As the Court noted in its previous opinion dismissing Count II of Shomo's Second Amended

Complaint, a Bowman claim may not lie for religious discrimination because freedom of religion

---

[2] Defendant argues that "Plaintiff's allegation that Defendant had gross sales of $500,000 or more fails to show FLSA coverage because it is a bare recitation of the statutory requirement and lacks any facts that might give it plausibility, as required by the *Iqbal* standard." Def.'s Opp. 7.  Defendant misconstrues the *Iqbal* standard.  As the Court has previously noted, in evaluating a motion to dismiss, the Court's duty is to look at the entire Complaint to determine whether or not it plausibly asserts a claim for relief. *See* Mem. Op. 5–6, Jun. 1, 2012, ECF No. 39.  Considering the TAC as a whole, the Court finds that Shomo has plausibly stated a claim for relief under the FLSA and would thus likely survive a motion to dismiss Count II.  If, of course, during the course of discovery, evidence arises indicating that Defendant does not meet the FLSA's jurisdictional requirements, Defendant may properly seek summary judgment on that basis.

is specifically protected by the Virginia Human Rights Act. Mem. Op. 13, Jun. 1, 2012, ECF No. 39. Even as amended, Count III would not survive a motion to dismiss. Accordingly, the Court finds that Shomo's proposed amendment to Count III would be futile and will decline to allow her to amend that count.

IV.     **Conclusion**

For the foregoing reasons, Shomo's Motion for Leave to Amend is **GRANTED** in part and **DENIED** in part. Shomo may amend Count II of her Complaint, but not Count III. An appropriate Order shall issue this day.

**ENTER**: This _6th_ day of July, 2012.

Senior United States District Judge

9